ps

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO. 00-6071-CR-RYSKAMP

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HENRY CORDOZA,

    Defendant.

_____/

## MOTION FOR DISCLOSURES OF PRIOR CONVICTIONS, 404(B) EVIDENCE AND EXPERT WITNESS SUMMARIES

Defendant, Henry Cordoza, through undersigned counsel, moves to supplement certain disclosures mandated by the Standing Discovery Order, to include additional discovery prescribed by changes in federal law:

1. The defendant requests that a full, complete and legible record of the defendant's prior convictions be produced by the government, clearly identifying all other charges made against the defendant, the disposition of the charges, and venue of each such prosecution, including: date of arrest; date of conviction, acquittal, dismissal, or deferral; whether each conviction is of a felony or misdemeanor or petty offense; the sentence imposed, and the dates of confinement and probation. Undersigned counsel requests these disclosures so that the defendant may receive the effective assistance of counsel concerning the election of a trial, plea or other disposition of the pending cause. Such assistance of counsel requires accurate data with which to compute various aspects of the U.S. Sentencing Guidelines, including base offense level, criminal history, enhancements and departures.

2. The defendant requests disclosures of all evidence of other crimes, wrongs or acts that it intends to introduce at trial, in its case-in-chief or in rebuttal, as required by the 1991 amendment

to Fed. R. Evid. 404(b) (requiring disclosure and notice upon request by the accused). The government must specify the general nature of any such evidence, identifying the date, time and location of the alleged incident, the witnesses who will testify about the incident, the nature of the incident, and the purported relevance to this case. *See United States v. Long*, 814 F.Supp. 72, (D. Kansas 1993) (broad statement merely invoking the 404 (b) provision is insufficient). Additionally, the defendant requests disclosure of all *Brady/Agurs/Giglio/Napue* material pertaining to each such incident, as otherwise defined by paragraphs C. and D. of the Standing Discovery Order.

3. The defendant requests disclosure under Fed. R. Crim. P. 16(a)(1)(E) of expert testimony the government intends to introduce at trial during its case-in-chief. As to each potential expert witness, the government should disclose the name of the expert witness, the witness' qualifications, present employment, a summary of the witness' opinion, and the bases and reasons for the opinion.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Lori Barrist
Assistant
Federal Public Defender
Attorney for Defendant
Florida Bar No. 374504
400 Australian Ave., Suite 300
West Palm Beach, Florida 33401
Telephone: (561) 833-6288
Fax: (561) 833-0368

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered this 31st day of March, 2000, to the United States Attorney's Office, 701 Clematis Street, West Palm Beach, FL 33401.

_____
Lori Barrist