UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6071-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

HENRY CORDOZA, JR.,

 Defendant.
_____/



### PRETRIAL DETENTION ORDER

 The Court, pursuant to 18 U.S.C. §3142, commonly known as the Bail Reform Act of 1984, hereby **ORDERS** the defendant, HENRY CORDOZA, JR., **DETAINED** pursuant to the provisions of Sections (e), (f).

 The Court specifically finds that no conditions or combinations of conditions will reasonably assure the appearance of the defendant as required and the safety of the community in that there is a serious risk that the defendant will flee and/or a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a prospective witness or juror.

 The Court makes the following findings of fact with respect to the Order for

Detention:

    Factors:

    a)     The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.

The defendant stands charged by indictment with three counts of possession of a firearm by a convicted felon on February 12, 2000. If he is convicted, he faces up to 10 years in prison as to each count and a $250,000 fine.

    b)     The weight of the evidence against the defendant.

The weight of the evidence against the defendant is substantial. The defendant was found seated in a vehicle slumped over the wheel while the car was running. A Broward County Sheriffs Deputy awakened the defendant and thereafter found a .38 revolver between the driver and passenger seat with the serial number obliterated. The defendant originally gave deputies a fake name, however, an investigation at the scene uncovered the defendant's true name.

    c)     The history and characteristics of the defendant.

The defendant had two outstanding felony warrants for his arrest from Fayetteville, North Carolina. One of those warrants was for failure of to appear on a charge of possession of a firearm by a felon and the second warrant was for possession of cocaine within 300 feet of a school and failure to appear with respect to that charge. The defendant has convicted for assault with a deadly weapon and breaking and entering a motor vehicle and larceny and forgery.

The defendant did not testify nor did he call any witnesses on his behalf. According

to the Pretrial Services Report, the defendant lives in Fayetteville, North Carolina. He is separated from his third wife and claims to be getting a restraining order against her because she is drug addicted.

>   d)  The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

This court finds that there are no conditions of release which will reasonably assure the safety of the community. He is ordered detained.

IT IS HEREBY **ORDERED** that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court also directs that the defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers this April 7, 2000, at West Palm Beach in the Northern Division of the Southern District of Florida.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA
Lori Barrist, AFPD
U.S. Marshal
U. S. Pretrial Services