NIGHT BOX
FILED

APR 1 3 2000

CLERK, USDC / SDFL / WPB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 00-6071-CR-HURLEY

UNITED STATES OF AMERICA )
)
)
v. )
)
)
HENRY CORDOVA )
)

GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.  1.  The government is unaware of any written or recorded statements made by the defendant.

          2.  That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

Statements are documented in:
    A.  Incident report
    B.  Complaint affidavit
    C.  ATF reports 2, 4, & 6

The following is the substance of an oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent which the government intends to use at trial: After the firearms were discovered, the defendant was overheard saying that he had really "messed up"



this time, and he was going to jail for twenty years.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant is attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time. At tentative time is set for May 2, 2000, at 3:00 P.M. at ATF RAC Office, 299 E. Broward Blvd, Ste. 401, Ft. Lauderdale. Please call the undersigned to confirm, or set a date and time that is convenient to both parties.

   The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. Several items are listed in the attached property receipts. Copies of papers are forthcoming.

6. A report analyzing and comparing the fingerprint sample provided by the defendant following his arrest in this case with the fingerprints provided along with arrests dated 12-4-99, 10-11-99, 6-24-96, 6-23-96, 5-3-93, 7-5-76, 11-15-75 is attached. The fingerprint cards, noting the correlation of these arrests with convictions, are forthcoming.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United

|     |     |
| --- | --- |
|     | States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). |
| E.  | The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. |
| F.  | No defendant was identified in a lineup, show up, photo spread or similar identification proceedings. |
| G.  | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H.  | The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).<br><br>In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions. Copies of police reports related to 404(b) evidence are forthcoming. |
| I.  | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | No contraband (other than the firearms, bullets, and firearm with obliterated serial number) are involved in this indictment. |
| L.  | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. The automobile was impounded, and turned over to a female who took a bill of sale from the defendant. |
| M.  | The government is not aware of any latent fingerprints or palm prints which have been |

        identified by a government expert as those of the defendant.

N.    The defendant has requested disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. The government intends to offer the expert testimony of special agent Regina Lombardo, an expert in the field of interstate nexus/firearms, BSO criminalist Alan Greenspan, an expert in the field of firearms, and BSO fingerprint analyst Ellice E. Howell Francis, an expert in the field of fingerprint analysis.

        The experts' curriculum vitae are forthcoming.

        The experts summaries of opinions are in attached reports: ATF report 8; Crime Laboratory Analysis Report; and Examination of the Standard Inked Impressions.

        Upon furnishing of the curriculum vitae, the the government will demand a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

        The government hereby requests that the defense stipulate to the following facts:

    1.    The forthcoming inked fingerprint standards are the inked fingerprints of the defendant.

    2.    The firearms seized at the time, date an place listed in the government's demand for alibi (Colt Detective Special .38 Cal. and Rossi Model 22LR revolver) are "firearms" as that term is defined in Title 18, United States Code, Section 921(a)(3), that is, they are weapons

      which are designed to, or may readily be converted to, expel a projectile by the action of an explosive.

      That firearms Colt Detective Special .38 Cal and Rossi Model 22LR revolver were manufactured in the state of Connecticut and in the country of Brazil, and have moved in interstate commerce or foreign commerce before being discovered by the officers on February 12, 2000, at the 2600 Block NW 20th Court, Ft. Lauderdale, FL.

 P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

  The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

  In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the

government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

```
Time:   00:27
Date:   02/12/00
Place:  2600 Block NW 20 Ct., Ft. Lauderdale, FL
```

The attachments to this response are numbered pages COR00001 -COR00063. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
David P. Cora
Assistant United States Attorney
Florida Bar No. 471623
500 E. Broward Blvd. 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255 x 3519
Fax: (954) 356-7228

cc: Special Agent George Belsky
    ATF Ft. Lauderdale

### CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this April 13, 2000 to: Lori Barrist, Assistant Federal Public Defender, 701 Clematis, West Palm Beach, FL 33401.

_____
David P. Cora
Assistant United States Attorney

6