UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO. 00-6071-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HENRY CORDOZA,

    Defendant.
_____/

## MOTION TO SUPPRESS EVIDENCE

The defendant, Henry Cordoza, through counsel, and pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure and the Fourth and Fifth Amendments to the United States Constitution, requests that the court suppress the two firearms seized, the false identification, and all statements made, and in support says:

1. The defendant is charged with the possession of two firearms after having previously been convicted of a felony offense, in violation of 18 U.S.C. §922(g)(1).

2. The facts underlying his arrest are that on February 12, 2000, at about 12:30 a.m., officers had received a call of a suspicious person in the 2600 block of N. W. 20th Court, Fort Lauderdale. When they got to the location, they saw the defendant slumped behind the wheel of a parked maroon Oldsmobile. As they neared the car, they smelled alcohol, and asked the defendant to get out of the



car. He did not respond. They banged on the windows; there was no response. They yelled at him; no response. Finally, they opened the car door and shook him till he awoke. They asked him to get out of the car and he did so.

3. The defendant asked on several occasions for his cigarettes, which were inside of the car. He then attempted to re-enter the car, at which time the deputies prevented him from doing so. They looked inside to see why the defendant was so anxious to get into the car, and noticed an open beer can on the front seat, several empty beer cans on the back seat, and three unopened beer cans on the front passenger seat next to the arm rest. Under the beer cans and tucked into the arm rest was a .38 caliber pistol.

4. At that time another deputy arrested the defendant for carrying a concealed firearm. The defendant reportedly stated that his name was John Hackett and presented identification in that name. He said he was in the area to visit his cousin. When police located the cousin, she said the defendant's true name was Henry Cordoza. When confronted with the cousin's statement, the defendant admitted his name was Henry Cordoza, that he "really messed up this time" and "was going to jail for 20 years."

5. An inventory search of the trunk of the car revealed a .22 caliber long rifle as well as additional ammunition for both guns.

## MEMORANDUM OF LAW

It is well established that a search conducted without a warrant is presumptively unreasonable under the Fourth Amendment, subject to certain exceptions. One such exception is a search conducted pursuant to consent. *Schneckloth v. Bustamonte,* 412 U.S. 218 (1973). Where the government seeks to use evidence obtained pursuant to a "consent" search, it has the burden of

proving by clear and convincing evidence that the defendant freely and voluntarily agreed to the search. *Bumper v. North Carolina,* 391 U.S. 543 (1968).

Courts have recognized the distinction between acquiescence to a claim of lawful authority, and consent, which obviates the need for a warrant. *Bumper,* 391 U.S. at 549; *United States v. Jones,* 475 F.2d 723 (5th Cir. 1973). Whether consent is actually present will be determined based on the totality of the circumstances. *Bustamonte,* 412 U.S. at 227.

In the instant case, the government claims that the defendant, knowing that a gun was in the car under the arm rest, and that a rifle was in the trunk, freely and voluntarily consented to a search of his car. The government also claims that such consent was valid, despite clear indications that the defendant was drunk. Officers approaching his car noticed a strong smell of alcohol. The defendant, who was slumped over the wheel of his car, did not respond when they called to him. He did not respond when they banged on the car windows. Finally, they opened the car door and shook him until he woke up. A search of the interior of the car revealed an open beer can next to where he had been sitting, empty beer cans all over the back seat of the car, and three unopened beer cans on the passenger seat. The defendant did not "consent" to a search of his car, but even if this court were to conclude that he did "consent," because he was drunk, any purported consent was not voluntarily given.

Moreover, any statements made concerning his name or the production of the false identification must be suppressed, both as violative of the Fourth Amendment pursuant to *Wong Sun v. United States,* 371 U.S. 471 (1963), as well as the Fifth Amendment, as the defendant was in custody and not free to leave and being questioned as to the contents of his car and his name. *Miranda v. Arizona,* 384 U.S. 436 (1966). Finally, again, while the defendant was in custody

and being questioned, no *Miranda* warnings had been given when the defendant purportedly stated that he had really "messed up this time" and "was going to jail for 20 years." These statements were obtained in violation of both the Fourth and Fifth Amendments and must be suppressed.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

_____
Lori Barrist
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar No. 374504
400 Australian Ave. N., Ste 300
West Palm Beach, FL 33401
TEL:(561) 833-6288
FAX:(561) 833-0368

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed/delivered this *19th* day of May, 2000, to Bruce Brown, Assistant United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301; and Henry Cordoza, Pouch 3967, Cell S4A, Palm Beach County Jail, P. O. Box 24716, West Palm Beach, FL 33416.

_____
Lori Barrist