UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6071-CR-HURLEY

UNITED STATES OF AMERICA,

         Plaintiff,

vs.

HENRY CARLTON CORDOZA,

         Defendant.
_____/

### CORRECTIONS AND CLARIFICATIONS TO THE PRESENTENCE REPORT, OBJECTION TO SUGGESTED UPWARD DEPARTURE, AND REQUEST FOR DOWNWARD DEPARTURE

The defendant, Henry Carlton Cordoza, through counsel, files the following corrections and clarifications to the Presentence Report, objects to the "suggested" upward departure, and requests that the court depart downward from his guideline range of 30-37 months on the basis of §5H1.4, and in support says:

1. There are no objections to the guideline range of 30-37 months.

2. There are a few factual corrections -- the arrest date being February 12, 2000, not March 29, 2000 (page 2); that the defendant told deputies he had relatives across the street, not several blocks away (paragraph 9); that he was not arrested for driving while intoxicated because he was sleeping, not driving, and the car was not running (paragraph 10); and that he told deputies he had been in South Florida for one month, not five months (paragraph 11). Moreover, although the defendant maintains that he did not consent to a search of his car as the officers contend (paragraph



7), that issue was decided against him at the suppression hearing.

3. There are two clarifications. With respect to the conviction in paragraph 29, the defendant explains that he had given two friends a ride to the Walmart. He was waiting in the car. They stole a couple of cartons of cigarettes from the Walmart without telling him, and got into the car. The officer, who was trying to stop the theft, jumped in front of the defendant's car. The defendant did not intentionally hit her. The conviction in paragraph 30 relates to the defendant's use of crack cocaine. Dominick Gales was a drug dealer who got into the back of the defendant's truck to make a drug sale. Also in the truck were the defendant's brother-in-law and a friend. When Gales tried to sell Cordoza some bad crack and Cordoza refused to buy it, Gales hit the defendant's friend and brother-in-law. He then picked up a jackhammer that was in the back of the truck and swung it at the defendant; the defendant shot Gales in self-defense.

4. The defendant does object to any upward departure on the grounds set forth in paragraph 103. Importantly, there is no proof that the defendant committed "prior similar adult criminal conduct not resulting in a conviction" in North Carolina. No circumstances, facts, or details are set forth, other than the fact of the arrests themselves. And while the defendant failed to appear in court on March 23, 2000 and April 12, 2000, that is because he has been in jail on the instant case since February 12, 2000.

5. With regard to his "not being prosecuted for driving under the influence when arrested for the instant offense," that is because he was not driving, but sleeping, nor was the car even running.

6. Finally, the fact that the defendant "did not receive sanctions relating to approximately 18 of his arrests" is not a proper basis for departure, as §4A1.3 specifically prohibits consideration of a prior arrest record itself. Moreover, an examination of the "prior arrest record" (paragraphs 34-51) reflects that the charges were voluntarily dismissed or he was found not guilty. Importantly, the majority of his arrests are for worthless checks or traffic offenses that would not even have received points had he been convicted of them.

7. Rather, the court should consider a downward departure due to the defendant's life-threatening medical condition. Though the probation officer was unable to locate a listing for the Cumberland County Mental Health Center in Fayetteville, North Carolina, and FDC's first blood test was inconclusive, counsel provided the probation officer with copies of the medical records from the Cumberland County Mental Health Center, reflecting a confirmation of Hepatitis B. The defendant was diagnosed approximately five years ago, and the illness is fatal. As a result of the hepatitis infection, the defendant suffers from polymorphic skin eruptions.

8. As set forth in the Presentence Report, the defendant was exposed to tuberculosis when he was born and has lost a lung as a result. He also suffers from recurring bouts of pneumonia and chronic bronchitis. The defendant was hospitalized in January, September and December 1999 for pneumonia.

9. Section 5H1.4 of the sentencing guidelines provides that while physical condition is not ordinarily relevant in deciding whether a sentence should be outside of the applicable guideline

range, the court may depart in the case of seriously infirm defendant. The court should depart in the instant case.

KATHLEEN M. WILLIAMS
Federal Public Defender

By: _____
Lori Barrist
Assistant Federal Public Defender
Florida Bar No. 374504
400 Australian Avenue North, Suite 300
West Palm Beach, FL  33401-5040
Telephone: (561) 833-6288

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing instrument was served by U.S. Mail this 10th day of October, 2000, upon Bruce O. Brown, Assistant United States Attorney, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33301, Thomas E. Felasco, U. S. Probation Office, 300 Northeast 1st Avenue, Room 315, Miami, Florida 33132 and the defendant, Henry C. Cordoza, Reg No. 55251-004, Federal Dentention Center, P. O. Box 019120, Miami, Florida 33101.

_____
Lori Barrist